STATE, TO USE OF HOWARD'S ADMINISTRATORS, Defendants in Error, v. ROLLINS *et al.*, Plaintiffs in Error.

1. Where a county collector advances to the treasury the whole amount of taxes chargeable against him as collector, and dies before the expiration of his term of office with a portion of the taxes delinquent, his successor in office is not bound, in his official capacity as collector, to collect such de- linquent taxes for the benefit of the representatives of the deceased collec- tor.    He could not be held liable on his official bond for collecting and not paying over such delinquent list.    If he should collect the delinquent list of his deceased predecessor, it would be as agent and not in his official capacity as collector..

2. The representatives of a deceased collector, who had made an advance of the taxes to the treasury, have a lien for the delinquent taxes, as provided by the fifty-fifth section of the third article of the revenue act of November 23, 1857.    (Sess. Acts, 1857, Adj. Sess. p. 91.)

State, to use of Howard's Adm'rs, v. Rollins.

*Error to Moniteau Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Parsons & Ewing,* for plaintiffs in error.

I. The court erred in overruling the demurrer. Howard, having paid the tax of the state, was substituted in place of the state, and had a year from that time to collect the money in. He was collecting for himself, not for the state; he was not accountable to the state for what he collected. His legal representatives were entitled to the same as assets of his estate. They had a right to employ agents to collect the same. They authorized Rollins to collect the unpaid taxes. Howard's administrators have a right to sue. But the collector and his securities are responsible on his official bond only for his official acts. This suit is on the bond. It can not be maintained.

*Douglass & Hayden,* for defendants in error.

I. Rollins, as collector, was entitled to the possession of the tax-book. The administrators of the deceased collector were compelled by law to hand over the tax-book at once to the successor. It being in the legal possession of Rollins, the administrators of the deceased collector could not collect the taxes. The law, then, contemplates that the successor of a deceased collector shall collect the taxes advanced to the state treasury. The law requiring him to collect, he is responsible on his official bond if he fail to pay them over to the persons entitled to receive them. The taxes were collected by Rollins *colore officii.* (24 Mo. 552; 13 Mo. 437; 11 Mo. 447; 17 Mo. 486.)

EWING, Judge, delivered the opinion of the court.

This was an action against Rollins and his sureties on his official bond as collector of Moniteau county. The petition alleges that Howard, the predecessor in office of Rollins, was elected in 1856, and died in February, 1858, having paid

to the state, in December preceding, the whole amount of revenue with which he stood charged—the amount so paid having been advanced by him, for which he had the statutory lien on the property chargeable with the taxes; that Rollins was appointed in March, 1858, to fill the vacancy, to whom plaintiffs shortly thereafter delivered the tax-book which had been received by his intestate, showing the sum of $1,075.46 uncollected state taxes, who executed his receipts therefor. The petition then avers the collection of the taxes by Rollins and a breach of his bond in the usual form, in failing to pay the same to plaintiffs. There was a demurrer to the petition, which being overruled, defendants filed their answer, to which there was a replication; whereupon there was a trial by a jury, and verdict and judgment for plaintiffs. Motions for new trial and in arrest of judgment being overruled, defendant brings the cause here by writ of error.

The only material inquiry arising upon the record is whether, upon the state of facts set forth, the petition shows any cause of action, and whether the court erred in overruling the demurrer. To sustain the petition we are cited to certain provisions of the revenue law which require the legal representatives of a deceased collector to hand over to his successor the tax-book in certain cases. (Acts 1857, Adj. Sess. p. 101, art. 6.) The fifth section provides that when any collector shall die after he has received the tax-book for any year, his legal representatives shall hand over at once to his successor, as soon as he is appointed and qualified, the tax-book, and shall also pay over at once out of the estate all moneys which have been collected by the deceased collector, and in his hand. The sixth section requires receipts to be executed by the new collector for the tax-book and for the amount of taxes collected by the deceased collector, one of which is to be delivered to the executor or administrator of the deceased collector, another to be filed with the clerk of the county court, and the third to be certified by the clerk to the auditor, who shall charge the new collector

18—VOL. XXIX.

with the balance of the state taxes due on the tax-book. Section 55 of the third article says that every collector, who shall pay into the treasury the full amount of the state tax on the book on or before the day prescribed, shall have the same lien upon the property chargeable with the taxes advanced by him as the state would have if the taxes remained unpaid, and may proceed to collect the same for one year after such payment into the treasury in the same manner as other taxes are collected, notwithstanding the appointment of another collector. (p. 91.)

Was it the duty of the new collector Rollins to proceed and collect the taxes; the whole amount of revenue due the state having been paid by his predecessor before his death and the delivery of the books to him ? If it was, then the averments of the petition show a good cause of action against him and his sureties. It is conceded that there was nothing due the state, and that if there was any cause of action it was in favor of the legal representatives of the former collector alone ; and it is contended that a lien in such cases is given to the representatives of the deceased collector in consideration of the revenue having been paid out of his private funds, and that it becomes a part of the official duty of the new collector, under the law, to collect these taxes for the benefit of his predecessor's estate. I do not think this view is sustained by the provisions of the statute to which we have been referred. This lien is given, in all cases, as well to collectors whose terms of office expire by limitation, as to the representatives of those dying before the expiration of the term. And it is obvious and could not be pretended that in the former class of cases the new collector and his sureties would be liable on his bond or otherwise for any unpaid balance of taxes that might be due his predecessor. The tax-books need not and are never in such cases delivered to the new officer *as such*. If he takes them at all, it is as a matter of private arrangement, and in doing so acts merely as the agent of the former collector for whom he undertakes to collect the unpaid taxes for a stipulated compensation, as he

would in any other private transaction. He is not the agent or officer of the state. He performs no duty as an officer, because the state has no interest in the matter, and does not require him to collect the debts of her citizens in which she has no concern. There being no duty, there arises no obligation or liability.

The judgment is reversed; the other judges concurring.